UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
TIKQWAH JOHNSON on behalf of herself
and all others similarly situated

                        Plaintiff,

           -against-

RIEXINGER & ASSOCIATES, LLC

                       Defendant.
-----------------------------------------------------------

**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 28 2012 ★
LONG ISLAND OFFICE

## CLASS ACTION COMPLAINT

**CV-12 3247**

MATSUMOTO, J.
GOLD, M.

### Introduction

1. Plaintiff seeks redress for the illegal practices of Riexinger & Associates, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt, purportedly owed to Bureaus Investment Group Portfolio No. 16 LLC originally owed to HSBC Card Services, Inc.

4. Defendant's principal place of business is located in Duluth, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about July 13, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "Our client has directed us to evaluate your account for litigation if we cannot reach a resolution. Your account has been assigned to our Pre-legal and Asset Investigation Team for this purpose. After evaluation your account may be assigned to our legal department or forwarded to an attorney in the appropriate jurisdiction with instruction to file suit."

12. Said language leads the consumer to believe that there is a good chance that legal action will be taken to protect defendant's client.

13. Said language leads the consumer to believe that her assets will be investigated.

14. Said representations are false especially where the debt is purported to be $1069.45.

15. Said language threatens actions in which the defendant does not intend to engage.

16. Defendant has engaged in deceptive practices and false threats.

17. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) and 1692e(10).

18. The defendant sent the above referenced letter to the plaintiff which was mass produced and computer generated allegedly from defendant.

19. That a mass-produced computer generated letter bearing a typewritten signature was forwarded to the plaintiff.

20. Upon information and belief, that said letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

21. That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to the date of the letter at issue.

22. Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter to the plaintiff.

23. Stephen P. Riexinger has personally approved the text of the letters and/or allowed his letterhead to be used knowing that the files have not been reviewed by an attorney.

24. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(3), 1692e(5) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

25. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-24 as if set forth fully in this Cause of Action.

26. This cause of action is brought on behalf of plaintiffs and the members of a class.

-3-

27. The Class consists of consumers who received the same form letter, as did the plaintiff.

28. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about July 13, 2011 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Bureaus Investment Group Portfolio No. 16; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(3), 1692e(5) and 1692e(10).

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA using collection letters and language therein which violate the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

-4-

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

30. The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

31. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34. Defendant violated the FDCPA as set forth above.

35. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
June 25, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

**Riexinger & Associates, LLC**
*Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780

File No.: 764856
Account #: █████████
Original Creditor: HSBC CARD SERVICES, INC.
Current Balance: $1,069.45

07/13/2011

Dear Tikqwah Johnson:

This office has made several attempts to assist you in resolving the past due account you originally incurred with HSBC CARD SERVICES, INC. and currently owned by BUREAUS INVESTMENT GROUP PORTFOLIO NO 16 LLC, referred to above. As of the date of this letter all of our efforts have been unsuccessful.

Our client has directed us to evaluate your account for litigation if we cannot reach a resolution. Your account has been assigned to our Pre-legal and Asset Investigation Team for this purpose. After evaluation your account may be assigned to our legal department or forwarded to an attorney in the appropriate jurisdiction with instruction to file suit.

We would like to resolve this matter amicably if possible, but we must speak with you to do so. Please contact this office at (800) 713-7780 to negotiate a fair resolution to this delinquent account.

When contacting us please reference your file number or account number above and ask to speak to a representative of our Pre-legal and Asset Investigation Team to help properly transfer your call.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

IN REGARD TO THIS COMMUNICATION, RIEXINGER & ASSOCIATE, LLC IS ACTING AS A DEBT COLLECTOR AND THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, AS DEFINED BY U.S.C. 1692 (A)(6). THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**

---

Detach and return below portion with payment.

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

007153

File Number: 764856

Pay your bill online for FREE at www.riexingerlaw.com

31023***AUTO**MIXED AADC 350
Tikqwah Johnson
133 Navy Walk Apt 1E
Brooklyn NY 11201-3223

36

Visa [ ] MasterCard [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.:
☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
EXPIRATION DATE: ☐☐☐☐    PAYMENT AMOUNT: $ _____

REMIT TO:

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

Name:    Tikqwah Johnson

0016A 05/05